IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
NO. 25-1094

_____

| | |
|---|---|
| A.C., a minor child by his next friend, mother and legal guardian, M.C., | ] Appeal from the United States<br>] District Court for the Southern<br>] District of Indiana, Indianapolis |
| Plaintiff-Appellee, | ] Division<br>] |
| v. | ] Case No. 1:21-cv-2965-TWP-MJD<br>] |
| METROPOLITAN SCHOOL DISTRICT OF MARTINSVILLE, | ] Honorable Tanya Walton Pratt,<br>]     Chief Judge.<br>] |
| Defendant-Appellant. | ] |

_____

## MOTION TO SUSPEND BRIEFING SCHEDULE
## PENDING RULINGS IN CASES BEFORE THE SEVENTH CIRCUIT AND SUPREME COURT

_____

Philip R. Zimmerly (#30217-06)
  – COUNSEL OF RECORD
Jonathan L. Mayes (#25690-49)
Mark A. Wohlford (#31568-03)
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
317-684-5000   Fax: 317-684-5173
pzimmerly@boselaw.com
jmayes@boselaw.com
mark.wohlford@boselaw.com

*Attorneys for Defendant-Appellant*

1

## *MOTION*

Appellant Metropolitan School District of Martinsville, by counsel, in accordance with and pursuant to Fed. R. App. P. 27, hereby requests a suspension of the briefing schedule pending decisions by this Court in *D.P. by A.B. v. Mukwonago Area Sch. Dist.*, 2025 WL 1659279, at *6 n.2 (7th Cir. June 12, 2025), *reh'g granted and opinion vacated*, No. 23-2568, 2025 WL 1794428 (7th Cir. June 30, 2025), and decisions by the United States Supreme Court in *Little, Gov. of ID,* et al. *v. Hecox, Lindsey,* et al., Case No. 24-38, and *West Virginia,* et al. *v. B.P.J.*, Case No. 24-43.

Counsel for Appellee A.C., a minor child by next friend, mother and legal guardian, M.C., has been contacted and objects to this motion.

## *GROUNDS FOR MOTION / LEGAL ARGUMENT*

The current briefing schedule was previously suspended pending a U.S. Supreme Court decision in *United States v. Skrmetti*, Case No. 23-477, and Appellant's brief is due forty days after *Skrmetti* was decided. (Dkt. 11.) But three additional cases—one Seventh Circuit and two U.S. Supreme Court—directly impact this case, warranting further suspension of the briefing schedule here.

Appellant maintains, as it did in its earlier Motion to Suspend Briefing (Dkt. 10), that *Skrmetti* impacts whether *Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858 F.3d 1034 (7th Cir. 2017), and *A.C. v. Metropolitan School District of Martinsville*, 75 F.4th 760 (7th Cir. 2023), remain good law. This Court, *sua sponte*, determined that this Court should consider whether *Whitaker* and *A.C.* should be overruled based on *Skrmetti*.

On June 30, 2025, in *D.P. by A.B. v. Mukwonago Area Sch. Dist.*, this Court stated, "Based on the Supreme Court's recent decision in *United States v. Skrmetti*, No. 23-477, 2025 WL 1698785 (June 18, 2025), we *sua sponte* vacate our opinion dated June 12, 2025, and grant panel rehearing to consider whether the court should overrule *Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858 F.3d 1034 (7th Cir. 2017), and *A.C. v. Metropolitan School District of Martinsville*, 75 F.4th 760 (7th Cir. 2023), in light of *Skrmetti*." 2025 WL 1794428 at *1. Supplemental briefing in *D.P.* on whether *Whitaker* and *A.C.* should be overruled closes on September 2, 2025. *Id.* A decision by this Court in *D.P.* on whether this Court's prior decision in this case and in *Whitaker* should be overruled directly impact this appeal.

But even if *D.P.* does not overrule *Whitaker* and *A.C.*, suspension of briefing is in order pending decisions in *Hecox* and *B.P.J.* Those cases are even more likely than *Skrmetti* to impact this case. In *B.P.J.*, the issues before the U.S. Supreme Court are (1) whether Title IX prevents a state from consistently designating girls' and boys' sports teams based on biological sex determined at birth, and (2) whether the Equal Protection Clause prevents a state from offering separate boys' and girls' sports teams based on biological sex determined at birth. (*B.P.J.*, Case No. 24-43, Petition for a Writ of Certiorari.) Similarly, in *Hecox*, Case No. 24-38, the issue is whether laws that seek to protect women's and girls' sports by limiting participation to women and girls based on sex violates the Equal Protection Clause. (*Hecox*, Case No. 24-38, Petition for a Writ of Certiorari.)

Appellee A.C.'s action arises under the same causes of action addressed in *B.P.J.* and *Hecox*—Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, 42 U.S.C. § 1983, and the Equal Protection Clause of the Fourteenth Amendment. This is an appeal from an "Order on Plaintiff's Motion for Partial Summary Judgment and Parties Motions for Leave to File Surreply and Sur-Surreply" and Permanent Injunction requiring Appellant to permit A.C. to use any boys' restrooms within the School District because the District Court found the School District liable under both Title IX and the Equal Protection Clause.

The issues in the present appeal implicate whether transgender students asserting rights under Title IX or the Equal Protection Clause have cognizable claims or, if such claims are cognizable, whether such claims satisfy applicable levels of scrutiny. The District Court held that prior Seventh Circuit case law required it to find that the School District's policy on facility access and accommodation requests for students identifying as transgender or gender-nonconforming was "sex-based" and "subject to heightened scrutiny" as well as a violation of Title IX's anti-discrimination provisions. ([Dkt. 175 at 18](#).) This frames the legal analysis on appeal in a manner that requires the parties to make different arguments than will be available if *Hecox* and *B.P.J.* find differently on either or both of those legal issues.

## *RELIEF SOUGHT*

The briefing schedule in this matter should be suspended pending this Court's decision in *D.P.* and/or Supreme Court's decision(s) in *Hecox* and *B.P.J.* because the outcome of these cases will have an impact on the arguments made in this matter. In light of the foregoing, good cause exists for the Court to suspend the briefing schedule until *D.P.*, *Hecox* and *B.P.J.* are fully resolved.

Respectfully submitted,

/s/ *Philip R. Zimmerly*

Philip R. Zimmerly (#30217-06)
  – COUNSEL OF RECORD
Jonathan L. Mayes (#25690-49)
Mark A. Wohlford (#31568-03)
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
317-684-5000   Fax: 317-684-5173
pzimmerly@boselaw.com
jmayes@boselaw.com
mark.wohlford@boselaw.com

*Attorneys for Defendant-Appellant*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 8, 2025, a copy of the foregoing "Motion to Suspend Briefing Schedule Pending Rulings in Cases Before the Seventh Circuit and Supreme Court" was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

| | |
|---|---|
| Kenneth J. Falk, Esq.<br>Stevie J. Pactor, Esq.<br>ACLU of Indiana<br>1031 East Washington Street<br>Indianapolis, IN  46202<br>kfalk@aclu-in.org<br>spactor@aclu-in.org | Megan Stuart, Esq.<br>Indiana Legal Services<br>214 South College Avenue, 2nd Floor<br>Bloomington, IN  47404<br>Megan.stuart@ilsi.net |

s/*Philip R. Zimmerly*
Philip R. Zimmerly

4930385