IN THE UNITED STATE COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
No. 25-1094
_____

| | | |
|---|---|---|
| A.C., a minor child by his next friend, mother, and legal guardian, M.C., | ) ) ) | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 1:21-cv-2965-TWP-MPB |
| METROPOLITAN SCHOOL DISTRICT OF MARTINSVILLE, | ) ) ) ) | Hon. Tanya Walton Pratt, Chief Judge |
| Defendant-Appellant. | ) | |

**APPELLEE'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION TO SUSPEND BRIEFING**

The Appellant ("Martinsville") has moved to suspend briefing in light of three presently pending cases—one in this Court and two in the United States Supreme Court. (Dkt. 12). For the reasons that follow, this motion should be denied.

As Martinsville notes, this Court recently vacated its decision in *D.P. by A.B. v. Mukwonago Area Sch. Dist.*, 2025 WL 1659279 (7th Cir. June 12, 2025), *reh'g granted and opinion vacated*, No. 23-2568, 2025 WL 1794428 (7th Cir. June 30, 2025) and ordered the parties to submit additional briefing addressing whether the Supreme Court's decision in *United States v. Skrmetti*, No. 23-477, 2025 WL 1698785 (June 18, 2025) requires this Court's holdings in *Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858

F.3d 1034 (7th Cir. 2017), and in this case, *A.C. v. Metropolitan School District of Martinsville*, 75 F.4th 760 (7th Cir. 2023), to be overruled.

Certainly A.C. has as much interest as the parties in *D.P.* in articulating his position regarding the impact, if any, of *Skrmetti* on this Court's prior ruling in his case and will do so in his brief. As this Court has noted, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Radio Corp. of Am. v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1954). Given that briefing on this question is proceeding in *D.P.*, A.C. should be provided the opportunity to make his position known and vindicate his own rights. And, given that any overruling of *Whitaker* or *A.C.* would be subject to the requirements of Circuit Rule 40(e), again, A.C. has an interest in participating in those proceedings.

Allowing briefing to proceed as scheduled will result in no delays or losses in efficiency for the Court. The current schedule in *D.P.* orders the final brief to be submitted by September 2, 2025. *D.P.*, 2025 WL 1794428, at *1. The briefing schedule in this matter is largely aligned: Martinsville's opening brief is due on July 28, 2025; A.C.'s response brief is due on August 27, 2025; and Martinsville's reply brief is due September 17, 2025. As a matter of both fairness and judicial efficiency, briefing should continue in this matter.

The fact that the United States Supreme Court has granted certiorari in two cases related to sports programs does not change the analysis. *See Little v. Hecox*, 2025 WL 1829165 (July 3, 2025) (granting certiorari); *West Virginia v. B.P.J.*, 2025 WL 1829164 (July

3, 2025) (granting certiorari). There is certainly no guarantee that decisions in those cases would impact the outcome here. And no decisions are likely to issue in those cases until June of 2026, meaning that briefing in this case would be further delayed through at least September 2026. Even assuming prompt oral argument and a quick decision from this Court, this case will then have been pending for over four years, and on appeal here for well over two years. This case should not be forced to languish, given the uncertainties inherent in the Supreme Court's treatment of any case on appeal.

For these reasons, Martinsville's motion to stay briefing should be denied.

/s/ *Stevie J. Pactor*
Stevie J. Pactor
Kenneth J. Falk
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
spactor@aclu-in.org
kfalk@aclu-in.org

Attorneys for Appellant