IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
NO. 25-1094

_____

| | |
|---|---|
| A.C., a minor child by his next friend, mother and legal guardian, M.C., | ] Appeal from the United States ] District Court for the Southern ] District of Indiana, Indianapolis |
| Plaintiff-Appellee, | ] Division ] |
| v. | ] Case No. 1:21-cv-2965-TWP-MJD ] |
| METROPOLITAN SCHOOL DISTRICT OF MARTINSVILLE, | ] Honorable Tanya Walton Pratt, ]      Chief Judge. ] |
| Defendant-Appellant. | ] |

_____

**REPLY IN SUPPORT OF MOTION TO SUSPEND BRIEFING SCHEDULE PENDING RULINGS IN CASES BEFORE THE SEVENTH CIRCUIT AND SUPREME COURT**

_____

Philip R. Zimmerly (#30217-06)
   – COUNSEL OF RECORD
Jonathan L. Mayes (#25690-49)
Mark A. Wohlford (#31568-03)
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
317-684-5000   Fax: 317-684-5173
pzimmerly@boselaw.com
jmayes@boselaw.com
mark.wohlford@boselaw.com

*Attorneys for Defendant-Appellant*

Appellant Metropolitan School District of Martinsville, by counsel, pursuant to Fed. R. App. P. 27, submits its reply in support of its motion to suspend the briefing schedule pending decisions by this Court in *D.P. by A.B. v. Mukwonago Area Sch. Dist.*, 2025 WL 1659279, at *6 n.2 (7th Cir. June 12, 2025), *reh'g granted and opinion vacated*, No. 23-2568, 2025 WL 1794428 (7th Cir. June 30, 2025), and decisions by the United States Supreme Court in *Little, Gov. of ID,* et al. *v. Hecox, Lindsey,* et al., Case No. 24-38, and *West Virginia,* et al. *v. B.P.J.*, Case No. 24-43.

Appellee A.C. presents three opposition arguments: (1) A.C. should be allowed to weigh in on whether *Skrmetti* impacts this case, (2) allowing the case to proceed does not generate losses in efficiency, and (3) A.C.'s case should not be forced to "languish." None are compelling.

**First,** suspending briefing as the parties await further guidance in no way deprives any party of any right to address the impact of *Skrmetti*. As A.C. points out, the panel *sua sponte* can poll the Court on whether *en banc* is needed. Fed.R.App.P. 40(e). Moreover, either party may file further rehearing petitions before this Court, petitions for writ of certiorari with the United States Supreme Court, or, should the case be remanded, briefs before the District Court articulating respective positions on the application of *Skrmetti* regardless of how this Court in *D.P.* rules. A.C.'s right to argue *Skrmetti* is not foreclosed by suspending briefing in this case.

**Second**, efficiency is not served by pressing ahead without awaiting guidance from the Supreme Court. Rather, in the prior appeal of this matter, this Court articulated its expectation that the U.S. Supreme Court would provide guidance in

this context: "Litigation over transgender rights is occurring all over the country, and we assume that at some point the Supreme Court will step in with more guidance than it has furnished so far." *A.C. by M.C. v. Metro. Sch. Dist. of Martinsville*, 75 F.4th 760, 764 (7th Cir. 2023), *cert. denied*, 144 S. Ct. 683 (2024).

To that end, this Court previously suspended briefing while waiting for "more guidance" from the U.S. Supreme Court in *Skrmetti*—the Court's first case addressing the rights of children under the Equal Protection Clause based on transgender status, albeit in a medical care context. But now, the U.S. Supreme Court has granted review in *B.P.J.* addressing such student rights in a K-12 environment under Title IX and the Equal Protection Clause (*Hecox* also addresses the application of the Equal Protection Clause). The questions presented in *B.P.J.* on which the Court has granted certiorari are squarely relevant here: "1. Whether Title IX prevents a state from consistently designating girls' and boys' sports teams based on biological sex determined at birth. 2. Whether the Equal Protection Clause prevents a state from offering separate boys' and girls' sports teams based on biological sex determined at birth." Petition for Writ of Certioari, *B.P.J.*, 24-43. It is only prudent to await "more guidance" that may alter the standards applied by this Court and the District Court rather than proceed with briefing, argument and opinion-writing in vain.

A.C., in essence, invites this Court to repeat *Kluge v. Brownsburg Cmty. Sch. Corp.*, 64 F.4th 861 (7th Cir. 2023), *vacated on denial of reh'g*, No. 21-2475, 2023 WL 4842324 (7th Cir. July 28, 2023). There, in a Title VII religious accommodations case,

the Seventh Circuit panel held oral argument on January 20, 2022, and then entered the panel decision on April 7, 2023. Meanwhile, the U.S. Supreme Court granted certiorari review in *Groff v. DeJoy*, No. 21-1900, on January 13, 2023, involving questions presented that were "squarely relevant." *Kluge*, 64 F.4th at 907 (Brennan, J., concurring in part and dissenting in part). The U.S. Supreme Court held oral argument April 18, 2023, and handed down its judgment June 29, 2023, clarifying the standard to be applied in Title VII religious accommodation cases. 143 S. Ct. 2279 (2023); *see also Kluge*, No. 21-2475, 2023 WL 4842324, at *1. Subsequently, the panel vacated its extensive decisions and "remanded for the district court to apply the clarified standard to the religious accommodation claim in the first instance." *Kluge*, No. 21-2475, 2023 WL 4842324, at *1. In the same way, here, efficiency and judicial economy would be best served by waiting for "more guidance" as this Court desires.

**Third,** A.C.'s argument that the case may languish while the Supreme Court considers *B.P.J.* and *Hecox* overlooks what has transpired. A.C. presently enjoys a permanent injunction that has not been disturbed. And now that the Supreme Court has signaled its intent to "step in with more guidance" this Court should await that direction as it previously did in suspending briefing while we awaited *Skrmetti*.

In the end, A.C.'s asserted rights are not impacted by suspension of the briefing, and it fails logic to suspend briefing for one U.S. Supreme Court opinion—*Skrmetti*—only to deny such relief while two even more-relevant opinions—*B.P.J.* and *Hecox*—are forthcoming. The outcome of these cases will have a material impact on the arguments made in this matter.

Accordingly, for the reasons stated in papers filed with this Court, the School District respectfully renews its request that the briefing schedule in this matter be suspended pending this Court's decision in *D.P.* and, should *D.P.* not overrule *Whitaker* and *A.C.*, Supreme Court's decision(s) in *Hecox* and *B.P.J.*

Respectfully submitted,

/s/ *Philip R. Zimmerly*

Philip R. Zimmerly (#30217-06)
  – COUNSEL OF RECORD
Jonathan L. Mayes (#25690-49)
Mark A. Wohlford (#31568-03)
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
317-684-5000   Fax: 317-684-5173
pzimmerly@boselaw.com
jmayes@boselaw.com
mark.wohlford@boselaw.com

*Attorneys for Defendant-Appellant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2025, a copy of the foregoing "Reply in Support of Motion to Suspend Briefing Schedule Pending Rulings in Cases Before the Seventh Circuit and Supreme Court" was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

Kenneth J. Falk, Esq.
Stevie J. Pactor, Esq.
ACLU of Indiana
1031 East Washington Street
Indianapolis, IN  46202
kfalk@aclu-in.org
spactor@aclu-in.org

Megan Stuart, Esq.
Indiana Legal Services
214 South College Avenue, 2nd Floor
Bloomington, IN  47404
Megan.stuart@ilsi.net

s/*Philip R. Zimmerly*
Philip R. Zimmerly

5027916.1