**BOSE McKINNEY & EVANS LLP**

ATTORNEYS AT LAW

**Jonathan L. Mayes**
Direct Dial: (317) 684-5245
Fax: (317) 223-0245
E-Mail: JMayes@boselaw.com

September 9, 2026

**<u>Via UPS Overnight Mail</u>**
Seventh Circuit Court of Appeals Clerk
Everett McKinley Dirksen United States Courthouse
219 S Dearborn Street
Room 2722
Chicago, IL 60604

RE: *A.C. v. M.S.D. Martinsville*; Case No. 25-1094
Notice of Supplemental Authority under Appellate Rule 28(j)

Dear Clerk:

Appellant Metropolitan School District of Martinsville ("School") respectfully submits as supplemental authority *Doe v. Mukwonago Area School District*, No. 23-CV-876, 2026 WL 2640979, at *4 (E.D. Wis. Sept. 8, 2026), where the U.S. District Court for the Eastern District of Wisconsin ruled on a motion for judgment on the pleadings. The District Court recognize, "On June 30, 2025, the Seventh Circuit panel sua sponte vacated its decision in this case and granted panel rehearing on whether *Whitaker* and *Martinsville*—and thus implicitly the preliminary injunction it had just affirmed—should be reconsidered in light of [*United States v.*] *Skrmetti* [, 605 U.S. 495 (2025)]." *Doe*, 2026 WL 2640979 at *5. The District Court then reviewed Seventh Circuit precedent in *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Edu.*, 858 F.3d 1034 (7th Cir. 2017), and *A.C. v. Metropolitan Sch. Dist. of Martinsville*, 75 F.4th 760 (7th Cir. 2023), in light of *Skrmetti* and *West Virginia v. B.P.J ex rel. Jackson*, 609 U.S. ——,146 S.Ct. 2356 (2026). *Doe*, 2026 WL 2640979 at *5-7.

In analyzing *B.P.J.* and its impact on *Whitaker* and *Martinsville*, the District Court concluded, "The Supreme Court's recent decision in *B.P.J.* presents a more significant challenge to Seventh Circuit rulings on school bathroom access policies that affect transgender students—but primarily with respect to Title IX claims, which are no longer a factor for plaintiff." *Doe*, 2026 WL 2640979 at *7. Ultimately, the plaintiff's damages claims and injunctive relief in *Doe* under Title IX were dismissed or abandoned. *Id.* at *5.

As to the Equal Protection Clause analysis, the District Court concluded, "The Court's equal protection analysis in *B.P.J.* is straightforward and alters little for the purpose of analyzing bathroom access policies under prior cases in the Seventh Circuit." *Doe*, 2026 WL 2640979 at *7. Plaintiff in *Doe* asserted a challenge that the "bathroom access policy triggers intermediate scrutiny under two theories: (1) the policy facially classifies based on 'original sex assigned at birth'; and

(2) the policy relies on sex-stereotyping." *Doe*, 2026 WL 2640979 at *8. The District Court found that the pleadings adequately alleged an Equal Protection Clause challenge and that the rule at issue was not substantially related to a sufficient governmental interest at the pleadings stage in the litigation. *Id.* at *9.

The District Court in this action granted A.C. partial summary judgment on claims under Title IX and the Equal Protection Clause of the Fourteenth Amendment against the School for a similar policy at issue in *Doe*, namely a facility access rule that limits access to multi-user restrooms based on biological sex and not gender identity. The School explained on appeal in this case that A.C.'s Title IX claims are no longer viable post-*B.P.J. See* Appellant's Supp. Memo., Dkt. 68 at 1-4 and 7-8. A.C. disagrees. *See* Appellee's Memo., Dkt. 67. Also, as to the Equal Protection Clause claims, A.C. does not challenge the School's sex-based classification separating multi-user restrooms based on biological sex. *Martinsville*, 75 F.4th at 770 (A.C. has "no quarrel" with this rule); *A.C. by M.C. v. Metro. Sch. Dist. of Martinsville*, 761 F. Supp. 3d 1159, 1173 (S.D. Ind. 2025) ("The Court does not evaluate the School District's decision to maintain sex-segregated facilities; instead, the Court solely evaluates the School District's facility access policy."). Under a more developed procedural posture, in this case the School asserts in its briefs that A.C.'s challenge fails under either rational basis or intermediate scrutiny review because A.C.'s "quarrel" is with how the School defines "sex" and, alternatively, is substantially related to an important governmental interest. *See* Appellant's Br., Dkt. 19 at 15-23; Appellant's Reply Br., Dkt. 61 at 3-14; Appellant's Supp. Memo., Dkt. 68 at 4-7 and 8-9.

Sincerely,

Jonathan L. Mayes

JLM

Cc: Kenneth J. Falk
Stevie J. Pactor
Joshua T. Bleisch

5339288.1